IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-CR-00030-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEITH LAMONT ELLISON | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a reduction of sentence based on the retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine. (Doc. No. 52). Appointed counsel and the United States Probation Office have concluded the defendant is not eligible for a sentence reduction. (Doc. Nos. 51: Notice of Ineligibility; 48: Presentence Report Supplement).

The Court sentenced the defendant on May 28, 2008, to 120 months' imprisonment, pursuant to the mandatory minimum sentence prescribed in 21 U.S.C. § 841(b)(1)(B), based on his guilty plea to possession with intent to distribute 5 grams or more of a mixture and substance containing cocaine base and a 21 U.S.C. § 851 Notice filed by the government.[1] (Doc. No. 10: Information; Doc. No. 21: Plea Agreement; Doc. No. 31: Judgment; Doc. No. 32: Statement of Reasons). Although the defendant relies on USSG Amendment 750 for his claim, the Fair Sentence Act of 2010 does not apply retroactively to lower the statutory mandatory minimum applicable defendants sentenced before August 3, 2010, the effective date of the act. United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011). Accordingly, the change in the guidelines does not affect the defendant's sentence.

---

[1] The defendant was also sentenced to a consecutive term of 60 months' imprisonment for a violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 31: Judgment)

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

Signed: January 10, 2014

Robert J. Conrad, Jr.
United States District Judge